767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
TERRY M. KING, DEFENDANT-APPELLANT.
 NO. 84-5832
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 W.D.Ky.
 APPEAL DISMISSED
 ORDER
 BEFORE: MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 This case stems from a criminal prosecution wherein it is alleged that the appellant has failed to file tax returns for 1979, 1980 and 1981 in violation of 26 U.S.C. Sec. 7203. The appellant is appealing the district court's denial of his motion to dismiss for lack of subject matter jurisdiction. He contends that Congress has not given the district court jurisdiction to hear 26 U.S.C. Sec. 7203 cases. The district court has removed the underlying action from the trial calendar pending the outcome of this appeal.
 
 
 3
 Interlocutory appeals from criminal pretrial orders are prohibited unless they arise under an explicit exception to the final judgment rule as provided in 28 U.S.C. Sec. 1291. John Doe Corp. v. United States, 714 F.2d 604, 616 (6th Cir. 1984). The collateral order exception to the final judgment rule is embodied in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The elements of the collateral order doctrine have been summarized as follows: To be appealable, a district court's order must, 1) conclusively decide the issue; 2) resolve an important issue separate and independent from the merits of the action, and 3) be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 413, 468 (1978).
 
 
 4
 In review of the record and the briefs filed by the parties, it appears the appellant's appeal does not satisfy the Cohen, supra test. Traditionally, appellate courts are reluctant to interfere with a pretrial decision of a lower court on jurisdictional questions which are reviewable in the regular course of appeal. Roche v. Evaporated Milk Assoc., 319 U.S. 21, 26 (1942). The appellant can effectively challenge the district court's jurisdiction on appeal or by postconviction motion. See Rule 34, Federal Rules of Criminal Procedure.
 
 
 5
 Accordingly, the order of the district court denying the appellant's motion to dismiss is not subject to interlocutory appeal and the appeal is hereby dismissed.